## KENT v. WATSON.

Where A. had hired his son to B. for a given time and at a fixed price, and before the time had expired gave an order on B. to pay to C. the amount then due, or which might become due thereafter for his son's wages, which order was accepted by B. :

*Held* that after said term of service had expired, and the contract had been fully performed by A., C. might maintain an action for money had and received against B. for the amount agreed to be paid for such labor.

And if C. should sell this order to a third person before or after suit brought upon it, the action might still be maintained in the name of C. by his consent, for the benefit of the real owner.

ASSUMPSIT. for money had and received. Writ dated March 8, 1861. This action is brought upon the following order and acceptance :

"LANCASTER, July 16, 1849.

MR. GEO. H. WATSON—SIR : Please pay Richard P. Kent the amount now due or which may be due hereafter, for my son's wages for the season.                                    ROSWELL SAVAGE.

Accepted—GEO. H. WATSON."

John W. Savage, a minor son of said Roswell Savage, worked for the defendant 8 months, commencing April 4, 1859, under an agreement between said Roswell and the defendant, that the defendant should pay said Roswell $70 for the boy's work, deducting such clothing as should be furnished to the boy by the defendant. The plaintiff's evidence tended to show that the contract was for 8 months' labor ; the defendant's evidence tended to show that it was for 12 months—the boy to attend school in winter. The boy left the defendant's service after the expiration of 8 months, but before the end of the 12 months, by the direction of the plaintiff, but without the consent and against the will of the defendant. The defendant furnished the boy with clothing worth less than $70.

The order was drawn and accepted because said Roswell was owing the plaintiff. The plaintiff refused to incur any liability to pay costs by commencing a suit against the defendant upon his own responsibility, and this suit was brought for the benefit of said Roswell, who is the plaintiff in interest, and who has caused his debt to Kent to be paid since the commencement of this suit.

At the close of the plaintiff's evidence, the defendant moved for a nonsuit on the ground that Kent had been paid and had no interest in the order or in this suit, and that said Roswell was the plaintiff in interest. The court overruled the motion and the defendant excepted.

After the defendant's evidence was closed and his counsel had argued the case to the jury, and during the closing argument of the plaintiff, the defendant moved that a nonsuit, or a verdict for the defendant, be ordered, on the ground that assumpsit for money had and received would not lie upon the order and acceptance, because the defendant was to pay said Roswell partly in clothing delivered to the boy, and had done so, and the amount due from defendant to said Roswell was unliquidated, and the order was for no specific sum of money.

The court ruled that the plaintiff might amend, if necessary, by adding a special count upon the order and acceptance; but the plaintiff declined to amend. Whereupon the court *pro forma* overruled the defendant's motion and defendant excepted.

The jury returned a verdict for the plaintiff which defendant moved to set aside; and the questions arising in the case were reserved.

*Benton & Ray*, for plaintiff.

*Burns & Fletcher*, for defendant.

SARGENT, J. Savage owed Kent at the date of the order, and defendant owed Savage, and the claim was turned out to Kent by Savage as security for his debt to Kent. This gave Kent such an equitable interest in the claim as constituted a sufficient consideration for an express promise on the part of Watson to pay the same to Kent. *Edson* v. *Fuller*, 22 N. H. 183.

Such contract could only be sued in Kent's name, but the action might be brought and prosecuted by any party who owned it, or who had an interest in it, by Kent's permission. This was done in this case by Savage who had an interest in the note and who gave Kent the security for costs which he required, and thus obtained his permission that the action should be brought and prosecuted in his name. If Savage had paid Kent what he owed him before suit, it would have made no difference. He could then have maintained the action in Kent's name, and the fact that the debt was paid during the pendency of the suit does not affect the case. Many notes, whether negotiable or not, accounts and other contracts, are sold while a suit upon them is pending, but, by consent of the plaintiff of record, the suit may as well be prosecuted in his name for the benefit of another as of himself. The first motion for a nonsuit was therefore properly overruled.

The second motion for a nonsuit was founded in part upon the ground that the amount due was not liquidated. But that objection cannot prevail. Where damages are claimed in an action of tort, or where the action sounds in damages, as it is termed, of course an action for money had and received would not lie. But in this case after, the jury had found what the contract was between the parties and that it had been fully performed by Savage, he then became entitled, or would have been, had there been no assignment, to recover the seventy dollars, as that was the amount. the defendant had agreed to pay for the services; and the fact that by the agreement the defendant had a right to apply in payment of that sum, any clothing he might have furnished the boy, would not alter the case unless such amount should exceed the full sum of seventy dollars, so that nothing would remain due from the defendant. By the assignment, defendant agreed to pay to Kent whatever should be or become due to Savage under this contract, and this was done with Savage's assent and by his request.

When, therefore, the contract for labor had been fully performed by Savage, defendant owed Kent seventy dollars, deducting actual pay-

ments, and it matters not whether they were made in money or in clothing. Kent could not maintain any action for labor against the defendant, for he had not performed any for him. But he could, when the labor had been fully performed by Savage so that nothing remained for the defendant to do but to pay the balance of the seventy dollars, recover that balance of Watson under this count for money had and received. The fact that the writing did not specify any particular sum, makes no difference, since the sum was fixed by the agreement of the parties. That money had and received may be maintained in a case like this, see *Curtis* v. *Rickards*, 1 M. & G. 46; *Osgood* v. *Pearsons*, 4 Gray 455; *Lincoln* v. *Butler*, 14 Gray 129; *Morse* v. *Allen*, 44 N. H. 33; *Mathewson* v. *Powder Works*, 44 N. H. 292.

*Warren* v. *Batchelder*, 16 N. H. 580, is a case directly in point where the authorities are examined at length, and the following principle is deduced: If A. B. and C. agree that the debt which A. owes to B. shall be paid to discharge a debt which B. owes to C., the debt from B. to C. is thereby extinguished, and C. becomes the creditor of A., and that C. may recover the amount of such debt of A. in an action for money had and received.

*Surtees* v. *Hubbard*, 4 Esp. 203, was money had and received. One *Ward* had been the owner of a ship which had been chartered by defendant. Ward had assigned over the ship and all the freight due by Hubbard the defendant, to plaintiff.

"*Erskine* objected that this action, being to recover that freight, should have been in the name of Ward, as the contract was made with him; that, it being a *chose in action*, suit could not be brought by any other person, and that the present plaintiff could not support the action. LORD ELLENBOROUGH. Choses in action generally are not assignable. Where a party entitled to money assigns over his interest to another, the mere act of assignment does not entitle the assignee to maintain an action for it. The debtor may refuse his assent; he may have an account against the assignor and wish to have his set-off. But if there is anything like an assent on the part of the holder of the money, in that case I think that this, which is an equitable action, is maintainable."

It becomes, therefore, unnecessary to consider whether the last motion for nonsuit was seasonably made. The exceptions are overruled and there must be

*Judgment on the verdict.*